# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | |
|---|---|
| JOSHUA GOLDEN AND LISA GOLDEN, | 9:24-cv-01506-DCN |
| Plaintiffs, | |
| vs. | **COMPLAINT**<br>**(Jury Trial Demanded)** |
| UNITED VAN LINES, LLC, LEXICON RELOCATION, L.L.C., SUDDATH RELOCATION SYSTEMS OF CHARLOTTE, LLC a/k/a SUDDATH OF CHARLOTTE, SUDDATH VAN LINES, INC., PLANES MOVING & STORAGE, INC., AND JOHN DOES 1 THROUGH 10. | |
| Defendants. | |

The Plaintiffs, Joshua Golden and Lisa Golden (collectively referred to herein as "Plaintiffs"), complaining of the Defendants would respectfully allege and show the Court as follows:

## PARTIES

1. Plaintiffs are citizens and residents of Beaufort County in the State of South Carolina.

2. Defendant United Van Lines, LLC, ("UVL") is an entity organized and existing under the laws of a State other than South Carolina, and at all times alleged herein was transacting and conducting business in South Carolina. At all times alleged herein, Defendant UVL was the primary carrier for the packaging, transport, storage, and delivery of Plaintiffs' property.

3. Defendant Lexicon Relocation, L.L.C. ("Lexicon") is an entity organized and existing under the laws of a State other than South Carolina, and at all times alleged herein was

transacting and conducting business in South Carolina, including assisting businesses and their employees with relocation and moving services and providing such services to Plaintiffs.

4.     Defendant Suddath Relocation Systems of Charlotte, LLC a/k/a Suddath of Charlotte ("Suddath of Charlotte") is an entity organized and existing under the laws of North Carolina, conducts its business in South Carolina, and its business incudes but is not limited to providing warehouse and certain moving services, including taking delivery of and storing Plaintiffs' property during its transport to Plaintiffs' new home by the Defendants.

5.     Defendant Suddath Van Lines, Inc. ("Suddath Van Lines"), is an entity organized and existing under the laws of Florida, conducts its business in South Carolina, and its business incudes but is not limited to providing certain moving services, including being involved in at least part of the transporting of Plaintiffs' property to Plaintiffs' new home by the Defendants.

6.     Defendant Planes Moving & Storage, Inc., is an entity organized and existing under the laws of Ohio, conducts its business in South Carolina, and its business incudes but is not limited to providing certain moving services, including being involved in at least part of picking up, packing, and transporting of Plaintiffs' property to Plaintiffs' new home by the Defendants.

7.     Defendants John Does 1 through 10 are individuals and/or entities involved in the transport and delivery of the Plaintiffs' property as alleged herein, whose identity and location are unknown at this time. At times alleged herein the John Doe Defendants were acting under the direct control of Defendant UVL.

## JURISDICTION & VENUE

8.     This Honorable Court has general and specific personal jurisdiction over the parties as the events giving rise to this lawsuit took place in South Carolina, each of the Defendants conducts its business in South Carolina, has sufficient contacts and operations within the State of

South Carolina to be subject to general personal jurisdiction, and a substantial portion of the events giving rise to this lawsuit took place in South Carolina.

9. This Honorable Court has subject matter jurisdiction over the claims asserted herein pursuant to and in accordance with 49 U.S.C.S. §14706(d) and 28 USCS §1337(a) because one of Plaintiffs' claims arises under 49 USCS §14706 and the amount in controversy exceeds $10,000.00, exclusive of interest and costs.

10. The Beaufort Division is the appropriate division as the location where the Plaintiffs' property was delivered is located within this division, and Plaintiffs are informed and believe that at least a portion of their loss and the damages to their property took place in South Carolina and within the Beaufort Division, pursuant to 49 U.S.C. §14706(d).

## FACTUAL ALLEGATIONS

11. On or about January 25, 2023, the Defendants and Plaintiff Josh Golden executed a relocation and services descriptive inventory, confirming that Defendants would be packaging, transporting, storing, and delivering 132 cartons of Plaintiffs' property items.

12. The relocating and services descriptive inventory also confirmed that the Defendants would also be transporting, storing, and delivering an additional 19 cartons of Plaintiffs' property that Plaintiffs packed themselves.

13. The Defendants packed up many of Plaintiffs' personal property and picked up those items and other items that Plaintiffs' packed themselves for transporting them to Plaintiffs' new Home.

14. At the time that the Plaintiffs' entrusted their property to the Defendants it was in good condition and did not require any repairs.

15. The estimated value of Plaintiffs' property was $167,300.00.

16. Defendants did not effectively limit their liability for damage to Plaintiffs' property.

17. The declared value protection for Plaintiffs' property was "full value protection."

18. On or about January 28, 2023, Defendants delivered Plaintiffs' property to Defendant Suddah of Charlotte's warehouse and Defendant Suddah of Charlotte took Plaintiffs' property into its possession and was entrusted with safeguarding Plaintiffs' property while it was in its possession.

19. At some point thereafter, one of more of the Defendants picked up Plaintiffs' property from Defendant Suddah of Charlotte, loaded it and transported from Charlotte to Plaintiffs' new home.

20. On or about May 31, 2023, the Defendants delivered the Plaintiffs' property to their new Home located at 20 Botany Drive, Beaufort, South Carolina ("Home" or "new Home").

21. At the time the Plaintiffs' property was delivered it had sustained significant damages that render numerous items of Plaintiffs' property a total loss and others that will require significant and expensive repairs.

22. Plaintiffs did not discover the full extent of the damage to their property until they finished unpacking their belongings on or about July 17, 2023.

23. On or about July 19, 2023, Plaintiffs had a professional appraiser inspect their damaged property.

24. The professional appraiser determined that the replacement value of Plaintiffs' property that was damaged by the Defendants was $102,915.00 as of July 19, 2023.

25. On or about July 20, 2023, Plaintiffs filed a claim with the Defendants seeking full reimbursement for the extensive amount of damage to their property.

26. Thereafter, Plaintiffs permitted the Defendants to conduct its own inspection of their damaged property.

27. Defendants have denied the full extent of Plaintiffs' claim for damages and refused to compensate them for the full amount of their damages despite agreeing to provide full value protection for Plaintiffs' property.

28. In addition to the significant damages to Plaintiffs' property, Plaintiffs has sustained additional damages in the cost of hiring experts to inspect their property and additional costs and expenses in the form of attorney's fees and the costs of filing this lawsuit and will incur additional costs and damages as a direct and proximate result of the Defendants' acts and omissions alleged herein.

**FOR AN INITIAL CAUSE OF ACTION**
**(Negligence/Gross Negligence)**

29. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

30. At all times relevant hereto, by virtue of the Defendants' acts, the Defendants undertook and had a duty to Plaintiffs to exercise and use due care in packing, handling, transporting, storing, unloading and delivering Plaintiffs' property, including a duty to protect Plaintiffs' property from damage due to foreseeable threats.

31. Defendants breached their duties to Plaintiffs in a manner that was negligent, careless, reckless, grossly negligent, willful, and wanton in the following particulars:

   a. In failing to properly package Plaintiffs' property or otherwise protect it from damage during the moving process;
   b. In failing to properly handle Plaintiffs' property, including dropping and slamming Plaintiffs' property into other objects and materials;
   c. In failing to properly secure Plaintiffs' property while transporting and delivering it;

      d. In failing to store Plaintiffs' property in a manner so that it was secure and protected from surrounding dangers and damage;

      e. In failing to unload and deliver Plaintiffs' property in a manner that protected it from harm and damage; and

      f. In failing to act as a reasonable person would based on the circumstances then existing; and

      g. Such other failures to be proven at trial.

32. Plaintiffs have been damaged as a direct and proximate result of the negligence, carelessness, recklessness, gross negligence, willfulness, and wantonness of the Defendants.

33. If it is shown that said failures were committed with gross negligence and/or reckless disregard for the rights of others, and/or constituted negligence *per se*, Plaintiffs are entitled to an award of punitive damages against the Defendants.

## FOR AN ADDITIONAL CAUSE OF ACTION
### (Bailment)

34. Plaintiffs repeat and re-allege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

35. Plaintiffs entrusted their property items to the Defendants for the specific purpose of having Defendants package, transport, store, and deliver their property to their new home.

36. Defendants agreed to take Plaintiffs' property into their care, custody, and control, including packing, transporting, storing, and delivering the items to Plaintiffs' new home.

37. Plaintiff Joshua Golden's employer agreed to pay the Defendants for their work and services.

38. Plaintiffs' property was in excellent condition when they entrusted it to Defendants.

39. Defendants delivered and/or returned Plaintiffs' property in a severely damaged state.

40. Defendants failed to use ordinary care, dure care, or the degree of care that would be exercised by a person of ordinary care in the protection of his own property when packaging,

6

transporting, storing, and delivering Plaintiffs property while the property was in Defendants' care, custody, and control as set forth hereinabove.

41.     Plaintiffs have been damaged as a direct and proximate result of the Defendants failure to use ordinary care, dure care, or the degree of care that would be exercised by a person of ordinary care in the protection of his own property when storing and safekeeping Plaintiff's vehicle while it was in Defendants' care, custody, and control as set forth hereinabove.

### FOR AN ADDITIONAL CAUSE OF ACTION
### (Carmack Amendment)

42.     Plaintiffs repeat and re-allege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

43.     Plaintiffs delivered their property to the Defendants in good condition, which the Defendants packaged, transported, stored, and delivered to Plaintiffs' new Home.

44.     When Defendants delivered Plaintiffs' property to their new Home the Plaintiffs' property was in in a severely damaged condition.

45.     Due to the extensive damage to Plaintiffs' property while it was in the care, custody, and control of the Defendants, the Plaintiffs have sustained significant damages in the form of having to have their property repaired and/or replaced, the costs of hiring expert(s) to inspect and determine the replacement cost of their items, the costs of hiring attorneys and bringing this litigation, and such other consequential, special, and incidental damages as may be shown at trial.

### FOR AN ADDITIONAL CAUSE OF ACTION
### (Breach of Contract as to Defendant United Van Lines, LLC)

46.     Plaintiffs repeat and re-allege the allegations contained in the above paragraphs as if more fully set forth herein verbatim.

47. Plaintiffs entered into a contract with Defendant UVL for the transport of their property to their New Home titled "Household Goods Bill of Lading." The contract provided that Defendant UVL was to provide full value protection for Plaintiff's property in the event that "any article is lost, destroyed, or damaged while in your mover's custody."

48. The contract also came with the implied covenant of good faith and fair dealing.

49. Defendant UVL received valuable consideration in exchange for its promises to perform its duties and obligations under the contract, including its obligation to prove full value protection level of liability and to perform its obligations in good faith and to deal fairly with Plaintiffs.

50. Defendant UVL has breached its contract with Plaintiffs in various particulars, including but not limited to, the following:

   a. Engaging an unqualified contractor to inspect and offer a bogus repair estimate for the damages to Plaintiffs' property;

   b. Attempting to avoid its obligations to provide full value protection liability for the damage to Plaintiffs' property;

   c. Failing to safeguard or otherwise package, transport, store, and/or deliver Plaintiffs' property in the same condition as it was when Plaintiffs' entrusted their property to the Defendants;

   d. Failing to handle and investigate Plaintiffs' claim for damages to their property in good faith; and

   e. Such other particulars as may be demonstrated at trial.

51. Plaintiffs have suffered and will continue to suffer pecuniary damages as well as loss of use, expert fees, and legal expenses as a result of the Defendants' breaches of the Agreement.

52. Plaintiffs have also sustained special damages as direct and proximate result of Defendants' breach of the contract they have been forced to incur additional fees and costs relating

to the hiring of experts to inspect and appraise their property, the loss of use of their property, and being forced to purchase replacement items.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant in accordance with the averments herein, including the following:

a) an amount of actual, statutory and punitive damages to be determined by the trier of fact;
b) prejudgment interest at the rate of 8.75% per annum or the maximum amount permitted by law;
c) incidental and consequential damages including attorney's fees;
d) the costs of this action; and
e)  for such further legal and equitable relief as the court deems just and proper.

Respectfully submitted,

The Floyd Law Firm

/s/ James L. Floyd, III
James L. Floyd, III ("Lee")
Fed Bar No.: 10076
3255 Maybank Highway
Johns Island, SC 29455
Phone: (843) 258-1200
Email: lfloyd@floydlawsc.com

March 27, 2024
Charleston, South Carolina